935 F.2d 1286
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ronald E. GRAY, Plaintiff-Appellant,
v.
Ronald S. NEWLAN, Benjamin S. Skinner, Defendants-Appellees.
 No. 91-2041.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 3, 1991.
Decided June 19, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CA-90-1582-A)
 Ronald E. Gray, appellant pro se.
 Charles F. Martel, Christine H. Perdue, Hunton & Williams, Fairfax, Va., for appellees.
 E.D.Va.
 AFFIRMED.
 Before WIDENER, MURNAGHAN and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Ronald E. Gray appeals the district court's determination that this action challenging his termination from employment is barred by collateral estoppel and that because his employment was at will, he could not maintain an action for breach of employment contract. We affirm.
 
 
 2
 In Gray v. Newlan, No. 89-2830 (4th Cir. Nov. 6, 1990) (unpublished), this Court rejected Gray's claims against Resource Consultants Inc. (RCI), his former employer, of racial discrimination in compensation, discriminatory discharge on the basis of race, and discharge in retaliation for filing grievances in July 1988 with RCI and in August 1988 with the EEOC. We determined, among other things, that RCI presented "abundant evidence of discharge for lack of work." Id., slip op. at 10.
 
 
 3
 In the present action, Gray alleged that his discharge was in retaliation for his opposition to RCI's business practices. The district court correctly found this allegation to be barred under collateral estoppel principles. Because it was determined in the first lawsuit that Gray's discharge was for lack of work, he may not now seek to litigate anew this dispositive factual issue. See Parklane Hosiery Co. v. Shore, 439 U.S. 322 (1979).
 
 
 4
 Additionally, Gray asserted that his discharge constituted a breach of his employment contract. However, there exists no evidence showing that Gray was anything other than an employeeat-will. There was no suggestion that Gray was employed for a specific time period or that there were any contractual limits on RCI's right to terminate Gray's employment.
 
 
 5
 As our review of the record and other materials before us reveals that it would not aid the decisional process, we dispense with oral argument.
 
 AFFIRMED